IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 14-22705 |
| Jason Ellis, | ) | |
| Emily Ellis, | ) | Ch. 11 |
| | ) | |
| Debtors, | ) | |

# JASON AND EMILY ELLIS'S AMENDED PLAN OF REORGANIZATION DATED JANUARY 29, 2016

Debtors Jason and Emily Ellis ("Debtors") propose the following Plan of Reorganization ("Plan") for its Chapter 11 Bankruptcy Case pursuant to the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

## I. DEFINITIONS

### 1.01 DEFINED TERMS

The following terms shall have the meanings set out in this Article I.

"ADMINISTRATIVE CLAIM BAR DATE" shall mean the date set by this Court upon request of the Debtors.

"ADMINISTRATIVE CLAIM" shall mean a Claim for, or request for payment of, an Administrative Expense (i) as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or (ii) as to which any objection has been resolved by a Final Order to the extent such objection has been resolved in favor of the holder of such Claim.

"ADMINISTRATIVE EXPENSE" shall mean (i) any cost or expense of administration of the Bankruptcy Case allowed under § 503(b) of the Bankruptcy Code (or with respect to which no allowance is necessary), including, without limitation, the actual and necessary costs

1

and expenses of preserving the estate and operating the business of the Debtors and fees and disbursements of counsel and other professionals to the extent allowed by the Bankruptcy Court and (ii) any fees or charges assessed against the Debtors' estate under Title 28 of the United States Code, § 1930.

"ALLOWED CLAIM" shall mean a claim (i) with respect to which a proof of claim has been filed with the Bankruptcy Court within the applicable period of limitation fixed pursuant to Bankruptcy Rule 3003(c)(3) or filed thereafter with leave of the Bankruptcy Court pursuant to a final Order, or (ii) deemed filed with the Bankruptcy Court pursuant to Bankruptcy Code §1111(a) and not scheduled as disputed, contingent, or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by the Bankruptcy Code, or if any such objection has been interposed, to the extent allowed by a Final Order, or (iii) an Administrative Claim.

"BANKRUPTCY CODE" shall mean Title 11 of the United States Code as amended.

"CLAIM" shall mean (i) any right to payment from the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; of (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

"DEBTOR" shall mean Jason and Emily Ellis in their capacity as debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code.

"EFFECTIVE DATE" shall mean the first Business Day (i) that is fourteen (14) days after the date of the Confirmation Order; and (ii) on which no stay on the Confirmation Order is in effect.

"ESTATE" shall mean that estate created in the Bankruptcy case by § 541 of the Bankruptcy Code.

"FINAL ORDER" shall mean an order or judgment of the Bankruptcy Court as entered on the docket which has not been reversed, stayed, modified or amended, and which is no longer subject to appeal, rehearing, reargument, certiorari, or other review.

"PERSON" shall mean a natural person, corporation, partnership, joint venture, trust, estate, unincorporated association, unincorporated organization, governmental entity, or political subdivision, agency, or representative thereof, or any other entity.

"PLAN" shall mean this Amended Plan of Reorganization as the same may be amended, supplemented, or modified from time to time.

"PRIORITY CLAIM" shall mean all Claims entitled to priority under § 507(a) of the Bankruptcy Code other than under §§ 507(a)(2), (3) and (8) of the Bankruptcy Code.

2

"PRIORITY TAX CLAIM" shall mean any Allowed Claim for taxes, including, without limitation, income, property, withholding, payroll, or excise taxes, customs, duties, or any penalty relating to the foregoing to the extent allowed as entitled to priority under Bankruptcy Code § 507(a)(8).

"SECURED CLAIM" shall mean a claim against the Debtors secured by property, whether real or personal, that is in the Debtors' possession and/or titled in their name, which Debtors intend to retain through the Plan.

**1.02 UNDEFINED TERMS**

A term used in the Plan and not defined herein but that is defined in the Bankruptcy Code has the meaning assigned to the term in the Bankruptcy Code. A term used in the Plan and not defined herein or in the Bankruptcy Code but that is defined in the Bankruptcy Rules has the meaning assigned to them by the Code.

**II. DESIGNATION AND THE TREATMENT OF ADMINISTRATIVE EXPENSES AND PRIORITY CLAIMS**

Administrative Claims or Priority Claims, to the extent allowed, shall receive the treatment provided in this Article II.

**2.01 ADMINISTRATIVE EXPENSES**

(a) Administrative Claim Bar Date. Upon Plan Confirmation the Court will be asked to set an Administrative Claim Bar Date. Claims should be filed on or before this bar date unless a request is made to the Court by motion for filing a claim beyond this date.

(b) Professionals' Compensation and Reimbursement. Professionals may applications for approval of compensation and reimbursement of reasonable and necessary expenses pursuant to § 330 of the Bankruptcy Code on or before the Administrative Claim Bar Date, unless a request is made by motion to permit such application outside the bar date. Objections to any such professionals' Application for Compensation or reimbursement must be filed and served upon such professional, no later than twenty-one (21) days after the Administrative Claim Bar Date. (c) Each Allowed Administrative Expense shall be entitled to payment in full in cash upon the later of (i) the Effective Date, (ii) the date on which the Bankruptcy Court enters an Order allowing such Administrative Expense, or (iii) the date, or dates, on which the Debtors and the entity claiming such Allowed Administrative Expense otherwise agree or have agreed.

**2.02 PRIORITY CLAIMS**

Debtors intend that any priority claim that is not disputed shall be paid in full within two years of the date this Court entered an Order for Relief.

**III. CLASSIFICATION OF CLAIMS AND INTERESTS**

All Allowed Claims and Allowed Interests are placed in the following classes. A Claim or Interest is classified in a particular class only to the extent that the Claim or Interest qualifies within the description of the class and is classified in a different class to the extent that the Claim or Interest qualifies within the description of that class. A Claim or Interest is in a particular class only to the extent that the Claim or Interest is an Allowed Claim or an Allowed Interest in that class and has not been paid prior to the Effective Date.

**3.01** Class 1 consists of the Priority Claim of IRS

**3.02** Class 2 consists of the four Secured Claims of PNC Mortgage (PNC is also known as Deutsche Bank Trust)

**3.03** Class 3 consists of the Secured Claim of Wells Fargo Bank

**3.04** Class 4 consists of the Secured Claim of Ford Motor Credit Co.

**3.05** Class 5 consists of the General Unsecured Claims

**IV. DESIGNATION AND TREATMENT OF CLASSES AND INTERESTS**

**4.01 CLASS 1**

Class 1 consists of all priority claims of the Debtors. The only creditor in this class is the IRS, and this claim will be paid in full in the 12 months after confirmation by making quarterly payments. The balance is estimated to be $2385. Interest rate will be at the IRS's standard rate. Class 1 is not impaired and holders of Class 1 Claims will not vote on the Plan.

**4.02 CLASS 2**

Class 2 consists of the four secured claims of PNC Mortgage. They will be paid as follows:

1. Filed proof of claim no. 8. This debt will be paid out over a 30 year period at an interest rate of 5.5%. This loan will be paid to the value of the property ($261,200), not to the claimed loan balance listed on the claim.
2. Filed proof of claim no. 3. This debt will be paid out over a 30 year period at an interest rate of 5.5%. Loan will be paid to the property value of $261,200
3. Filed proof of claim no. 6. This debt will be paid out over a 30 year period at an interest rate of 5.5%. Loan will be paid to the property value of $261,200.
4. Filed proof of claim no. 5. This debt will be paid out over a 30 year period at an interest rate of 5.5%. Loan will be paid to the value of the property value amount of $261,200.

Class 2 is impaired.

**4.03 CLASS 3**

Class 3 is Wells Fargo Bank. (Filed claim no. 9). Wells Fargo has a mortgage on a rental property at 8639-8645 Larsen St. in Overland Park KS. Like the Class 1 creditor PNC Mortgage, it will be paid out in 30 years, at an interest rate of 5.5%. The balance of the loan will be the value of the property, which is $261,200. Class 3 is impaired.

### 4.04 CLASS 4

Class 4 consists of a secured car loan held by Ford Motor Credit. (A stipulation has already been filed in this case regarding the treatment of this loan, and this is not changing). This loan will be paid to the value of the vehicle ($22,303), with a monthly payment of $562.50 at the contract rate of interest.
Class 4 is impaired and Ford Motor Credit will vote on the Plan.

### 4.05 CLASS 5

Class 5 consists of the filed and allowed claims of the unsecured claimants, which includes the unsecured portions of the secured debts of PNC Mortgage and Wells Fargo, as well as all other general unsecured claims. Class 5 creditors will be paid on a pro rata basis from a pool of $37,000.
Class 5 is impaired and will vote on the Plan.

## V. MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLAN

### 5.01 FILING OF CLAIMS

All creditors will have 90 days from the date of confirmation to file a proof of claim. This date may be extended for cause shown.

### 5.02 PAYMENT OF CLAIMS

This is a three (3) year plan. Payments shall commence effective the Month after the Court enters an Order Confirming the Plan.

### 5.03 TIMING OF PLAN PAYMENTS

1. Debtors propose paying the priority creditor (IRS) in full within 1 year on a quarterly payment basis.
2. The mortgage lenders will continue to be paid monthly at the terms discussed above. Property taxes and insurance on the properties will come out of the monthly payment that is sent to the mortgage company, which has been the regular practice on these loans. The actual day of the month that the payment is due will be set by agreement of the parties, and will be recorded in the confirmation order.

5

3. The auto creditor (Ford Motor Credit) will receive monthly payments under the terms described above.
4. The pool going to the general unsecured creditors (a total of $37,000) will be paid out on a pro rata basis on a quarterly basis after confirmation at an amount of $3100 per quarter.

**5.04 FEASIBILITY OF PAYMENTS**

Attached to the Amended Disclosure Statement is a 2 year projected budget of the Debtors. As can be seen, the figures show the ability of the Debtor to fund the payments contemplated by the Plan. The figures are in line with the historical performance of the Debtor over the past several years, which was provided in the Disclosure Statement.

**5.05 DISCLOSURE OF PRINICPALS**

The Debtors are individuals.

**VI. CRAMDOWN**

Debtor will seek confirmation of the Plan pursuant to Bankruptcy Code § 1129(b).

**VII. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**7.01 CLAIMS FOR DAMAGES**

Each Person who is a party to an executory contract or unexpired lease rejected pursuant to Section 7.01 hereof shall be entitled to file, not later than thirty (30) days after such rejection, a proof of claim for damages alleged to arise from the rejection of such executory contract of unexpired lease to which such Person is a party. Objections to any Proof of Claim arising from any claim shall be filed not later than thirty (30) days after such Proof of Claim is filed, and the Court shall determine any such objections. Payment of such Claims (consistent with the payments received by holders of other Claims in this class into which such Claim falls, as determined by Section 7.03 hereof) shall be made on the later of (i) sixty (60) business days after the expiration of the thirty (30) day period for filing an objection in respect of any proof of claim filed pursuant to Section 7.02 or (ii) sixty (60) business days after the Claim has been allowed by a Final Order, provided that no such payments shall be made before the Effective Date.

**7.03 CLASSIFICATION OF CLAIMS**

Claims are classified as stated above and in the disclosure statement.

**VIII. RETENTION OF JURISDICITON**

Until the Bankruptcy Case is closed, the Bankruptcy Court shall retain jurisdiction over all matters arising out of or relating to the Bankruptcy Case, including, but not limited to, the following matters:

(a) Determination of the allowability, classification, priority or subordination of Claims and Interests upon objection to such Claims by any party in interest provided the objections are filed within sixty (60) days after the Effective Date or such further extension as the Bankruptcy Court may permit;

(b) Approval, pursuant to Bankruptcy Code § 365, of the assumption, assignment, or rejection of any executory contract or unexpired lease of the Debtors, except as provided in Section 7.01;

(c) Determination of requests for payment of Claims and Administrative Expenses entitled to priority under Bankruptcy Code § 507(a)(1);

(d) Resolution of controversies and disputes regarding the interpretation and/or implementation of the Plan;

(e) Implementation of the provisions of the Plan and entry of orders in aid of confirmation and consummation of the Plan;

(f) Modification of the Plan pursuant to Bankruptcy Code § 1127;

(g) Adjudication of any disputes with creditors;

(h) Determination of all applications, adversary proceedings, contested matters, litigated matters, and other matters which may be pending before the Bankruptcy Court on or before the Effective Date;

(i) Determination of such other matters and for such other purposes as may be provided in the Confirmation Order;

(j) Entry of a Final Order closing the Bankruptcy Case; provided, however, that Distributions have been made under the Plan.

## IX. MISCELLANEOUS PROVISIONS

### 12.01 NOTICES

All notices required to be given under the Plan shall be in writing and made to the Debtor in care of counsel Phillips & Thomas LLC, Attn: George J. Thomas, 5200 W 94th Terr Ste 200, Prairie Village KS 66207, Phone: 913 385 9900, Email: geojthomas@gmail.com

### 12.02 HEADINGS

The headings of the sections and paragraphs of the Plan are inserted for convenience only and shall not affect the interpretation hereof.

### 12.03 AMENDMENTS

7

The Plan may be altered, amended or modified on by Debtors before, on, or after the Confirmation Date as provided in the Plan or Bankruptcy Code § 1127.

**12.04 ILLEGAL PROVISION UNENFORCEABLE**

Should the Bankruptcy Court determine, prior to the Confirmation Date, that any provision in the Plan is either illegal on its face or illegal as applied to any Claim or Interest, such provision shall be unenforceable either as to all holders of Claims or Interests or as to the holder of such Claim or Interest as to which the provision is illegal, respectively. Such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any such provision of the Plan.

**12.05 REVOCATION OR WITHDRAWAL**

Debtors reserve the right to revoke and withdraw the Plan prior to the Confirmation Date. If Debtors revoke or withdraw the Plan or if the Confirmation Date or the Effective Date do not occur, then the Plan shall be deemed null and void, and in such event nothing contained herein shall be deemed to prejudice in any manner the rights of the Debtors in any further proceedings.

This Plan is respectfully submitted on January 29, 2016.

/s/ Jason Ellis
Debtor

/s/ Emily Ellis
Co-Debtor


Phillips & Thomas LLC

By: /s/ George J. Thomas 19230
5200 W 94th Terr Ste 200
Prairie Village KS 66207
Phone: (913) 385 9900
Email: geojthomas@gmail.com